UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA BRUMLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security Administration,<br><br>        Defendant. | CASE NO.   C05-5467JKA<br><br>ORDER AFFIRMING<br>ADMINISTRATIVE DECISION |

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).  This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

      Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Ms. Brumley is currently 43 years old (Tr. 399).  Ms. Brumley had past work in fiberglass mold injection repair, medium exertion, semi-skilled work (Tr. 425-426).  She alleges disability based on combined impairments, the most critical of which are metatarsal varus deformities bilateral feet; left foot hallux valgus with bunions; bilateral hand/wrist and left shoulder tendinitis, degenerative joint disease; obstructive sleep apnea; vertigo, and an anxiety disorder.  After reviewing the record, the court finds and orders as follows:

     1.  This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the

ORDER
Page - 1

1  proper legal standard and there is substantial evidence in the record as a whole to support the decision.
2  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence
3  as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S.
4  389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less
5  than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
6  Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
7  interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th
8  Cir. 1984).

Ms. Brumley disputes the ALJ's findings, at step four of the sequential analysis, that she retains the residual functional capacity to perform her past relevant work; and step five of the sequential analysis, that she retains the residual functional capacity to perform other work, which exists in significant numbers in the national economy (Tr. 24-25). Ms. Brumley contends that her impairments have been of a severity sufficient to preclude her from performing her past work and any other work which exists in significant numbers in the national economy, and that she is therefore, disabled.

The ALJ posed a vocational hypothetical, consistent with his residual functional capacity finding, containing the following limitations:

- Lifting and carrying 20 pounds occasionally and 10 pounds frequently;
- Stand or walk only 2 out of 8-hours;
- Sit 6 out of 8-hours;
- Frequent gross manipulation but not constant;
- Avoid active hazards;
- Simple, one, two, three step work; and
- Limited interaction with the public

(Tr. 426).  At the administrative hearing the Vocational Expert stated Ms. Brumley would not be able to return to her past job as she performed it, but concluded that, given the above limitations posed by the ALJ, she could perform other work in the national economy of plastics injection molding operator, DOT 754.685-014, and electronic assembly, DOT 726.687-010 (Tr. 428-429 & 433).

Plaintiff argues the ALJ's residual functional capacity findings was made in error due to the ALJ's

erroneous review of the medical evidence and plaintiff's credibility.

    2. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).

    Here, the ALJ sufficiently explained his reasons for discrediting plaintiff's testimony or credibility with regard to her alleged disabilities and limitations. The ALJ stated:

> The claimant has reported a lifetime of anxiety since she was 16 years old, certainly for many years (exhibits 19F:111; 23F:222). Despite this long history of symptoms, however, the claimant was able to work successfully for many years (exhibits 2D; 5E). The claimant told her counselor at Lower Columbia that she was fired from her last job, ostensibly due to her physical problems (exhibit 20F:208). These reports suggest that the claimants's history of anxiety did not prevent working, and that her continued unemployment is due to business reasons not medical impairment. That in turn suggests that her allegations are not particularly credible.
>
> Further evidence of that is found in the claimant's testimony that after she was laid off, she began looking for other work and received unemployment benefits for six months following her job termination. In order to qualify for such benefits, applicants must typically affirm that they are capable of working. Thus, the claimant apparently claimed an ability to work when applying for one form of government benefits, while currently alleging an inability to work during the same period of time. Further, her looking for work at the time shows some responsibility and ambition on her part, but is also strongly suggests that she believed she was capable of working.

(Tr. 22-23). The court finds the ALJ's stated reasons for discrediting plaintiff's testimony properly supported by the record and legally sufficient.

    3. If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (1 1th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the

Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983).

Here, Dr. Duncan examined Plaintiff on September 4, 2003 and opined that Plaintiff was capable of performing simple and repetitive tasks, but that detailed and complex tasks would be difficult for her (Tr. 261). Dr. Duncan also opined that Plaintiff would have difficulty accepting instructions from supervisors, especially regarding new learning when she has found some procedure worked well for her in the past (Tr. 261). Dr. Duncan noted that Plaintiff had "shown the ability to be consistent and work with considerable responsibility in her family when she sees herself as the person responsible and in control" (Tr. 261). Although Dr. Duncan opined that Plaintiff was unlikely at the current time capable of dealing with workplace stress, he opined that "this might change with psychotherapy and continued medication management, which has just been started in the last few weeks, and also the stabilization of her social life may also be helpful" (Tr. 26 1-62).

In rejecting portions of Dr. Duncan's opinion, the ALJ noted that Dr. Duncan's assessment was more consistent with medical evidence from treating physician, Patrick Chau, M.D., who had examined Plaintiff for symptoms of anxiety and depression in June 2003 (Tr. 20 1-02). Dr. Chau noted that by October 2003, Plaintiff was generally stabilized by medication, with 90% symptom control (Tr. 20, 195).

Plaintiff alleges that the ALJ improperly rejected the opinions from the State Agency medical reviewers. After reviewing the record the court finds the ALJ properly considered the findings from the State Agency psychologists, Dr. van Dam and Dr. Regets (Tr. 23, 165-82). The ALJ included consistent limitations in his residual functional capacity finding, limiting Plaintiff to simple repetitive work with only limited interaction with the public (Tr. 23-24).

In sum, the ALJ properly considered the medical evidence which is reflected in the residual functional capacity finding and limitations, noted above.

4. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 22nd day of December, 2005.

> /s/ J. Kelley Arnold
> J. Kelley Arnold
> U.S. Magistrate Judge

ORDER
Page - 4